NAPOLEON LANDRY *vs*. OSIAS J. GIGUERE.

OSIAS J. GIGUERE *vs*. NAPOLEON LANDRY.

Kennebec.     Opinion December 3, 1929.

*F. Harold Dubord,*
*J. A. Letourneau,* for Landry.
*Harvey D. Eaton,* for Giguere.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

DUNN, J.   Two real actions reserved at nisi prius, with consent of the parties, for decision by the full court on the legally admissible evidence.

The actions relate to land in Waterville. That in which Landry is plaintiff was begun first. Disclaimer acts on the declaration in the writ in the action by Giguere, but leaves it still demanding an area inclusive of that which the Landry action claims.

The shape of the land in dispute approximates a right angle triangle with converging lines from an imperfect apex, and from the point of convergence a mere line, as shown on the plan, to Silver Street; the distance from apex to street being fractionally more than twenty-six feet. The ten-foot base of the triangle is the northern line of land occupied by a stranger to the title in suit, one Paganucci. The perpendicular extends about thirty-five feet along the western wall of Giguere's brick building. Landry owns the wooden building whereof the eastern wall, and a projection thereof, forms the hypothenuse of the triangle.

In his action Landry claims a small portion of land about six feet square in the southern part of the triangle. Giguere's suit against Landry involves the whole triangle and to the end of the line at the street.

Nul disseizin having been pleaded and joined, the Landry case came on to be heard and decided, at a term prior to that at which it was reserved for this court, by the presiding Justice without the aid of a jury. R. S., Chap. 82, Sec. 53. Landry lost. But he won on exceptions. Decision in the appellate court turned on the point that the showing of record title had not been met by any proof of adverse possession. 127 Me., 264.

Three days later, Giguere sued. Nul disseizin is the plea. By way of brief statement is the disclaimer, and besides res ajudicata is set up.

The evidence in the two cases was taken out at the one time, the two, as has been noticed above, are on report together, and so present for consideration.

Argument by counsel for Landry in behalf of the applicability of the doctrine of res ajudicata is not sustainable. The mandate which sent the case back to nisi prius merely reads: "Exceptions sustained." 127 Me., 264. Trial de novo is the consequent. *Merrill* v. *Merrill*, 65 Me., 79; *Hayden* v. *Railroad Company*, 118 Me., 442.

Landry relies on record title. His warranty deed is from William Levine. It bears date November 20, 1924, is recorded, and includes the locus.

When the demandant in a real action relies on a record or paper title, which does not reach back to the state, a title prima facie is shown by a deed from someone who had possession. A recorded warranty deed is presumed to pass title, seizin and title corresponding. *Blethen* v. *Dwinel*, 34 Me., 133. Such a deed in evidence, it is for the opposing party, if he has a better or stronger title, to prove it, and until he does the prima facie title prevails. *Thompson* v. *Watson*, 14 Me., 316; *Blethen* v. *Dwinel*, supra; *Rand* v. *Skillin*, 63 Me., 103; *May* v. *Labbe*, 112 Me., 209.

Landry's deed is proof prima facie of title. This is a better title than that possession which the action seeks to end. Additionally to this deed only one other deed is in evidence by Landry. It is a quit-

claim deed from Benjamin H. Kimball to William Levine, who became grantor to Landry. The deed is dated May 2, 1924, and recorded. But evidentially it weighs for nothing. It does not add strength to the warranty deed, because under it there is no showing of possession, and it lacks connection with any deed of older date which had had the accompaniment of possession. True, the grantor in the quitclaim, in support of his claim of title by inheritance, recites himself to be the sole heir of Elah E. Kimball. The recital, not being in an ancient deed, amounts to a bare claim of heirship. *Potter* v. *Washburn*, 13 Vt., 558. Thirty years, among other things, are requisite to make a deed ancient. *Little* v. *Palister*, 4 Me., 209, 212; *Havens* v. *Sea Shore Land Company*, 47 N. J. Eq., 365. Not only this, but if Elah E. Kimball ever had the title to the land the title does not deduce to Benjamin H. Kimball, nor for that matter is the fact established that Elah is dead, nor that Benjamin was his heir.

However, if contention stopped here, the prima facie title which the warranty deed to Landry makes, would seem quite sufficient to entitle him to judgment.

But Giguere claims also under a recorded warranty deed. His deed is dated June 12, 1913, from Napoleon Poulin and A. P. Marcou. This proves an earlier seizin and makes better title in Giguere, providing Giguere's deed includes the place.

Giguere's deed is bounded on the north and east by streets; on the south by land the present occupation of which is by Paganucci. The western line is "land of heirs of Sophia Lashus, formerly of Jeremiah Furbush, and the Kimball land." The location of that line, of which the eastern line of this land of Lashus is the beginning, is the important thing.

Giguere claims that such line corresponds with the eastern line of Landry's building and thence by projection southward to the northwest corner of the land Paganucci occupies. Landry's contention is that the line of the land of heirs of Sophia Lashus must be held to have meant the line of three lots, which together make up one lot, once the property of Cynthia Ellis, and through mesne conveyances in ownership by Landry himself when his suit was begun; this line being to the eastward of the greater portion of Landry's building, and to the eastward of much of the western

wall of Giguere's building, to which wall disclaimer limits Landry.

Numerous deeds, aside from the title deeds, are in evidence for the light they may throw on controversy. All the deeds are confusing but there is testimony tending to identify the boundary line, that by a land surveyor being especially helpful.

Giguere further claims title by adverse possession. The evidence on his side is not sufficient to warrant a finding that title had been so acquired. Nor is there room in the evidence for the conventional line doctrine, for which counsel argues, to affect the issue.

Conclusion is, that in the action against Giguere, Landry fairly sustains the burden of proof, and that Giguere fails to sustain such burden in his action against Landry.

These are the judgments: *Landry* v. *Giguere*, judgment for plaintiff for his possession of the demanded premises, costs following; *Giguere* v. *Landry*, judgment for defendant, for costs only.

*So ordered.*